J-S18020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY MOHYLSKY, | |
| Appellant | No. 1333 EDA 2014 |

Appeal from the PCRA Order entered March 21, 2014,
in the Court of Common Pleas of Northampton County,
Criminal Division, at No(s): CP-48-SA-0000171-2011

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 18, 2015**

Gary Mohylsky ("Appellant") appeals *pro se* from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On December 20, 2011, after a trial on his summary appeal, [Appellant] was found guilty of one count of driving while operating privilege is suspended or revoked [(DUI-related)], 75 Pa.C.S.A. § 1543(b).  [He] was sentenced to ninety days in the Northampton County prison and fined $1000.00 plus court costs.  [Appellant] was represented by Christopher Spadoni, Esquire.
>
> [Appellant] filed a direct appeal of his sentence, which was affirmed by the Superior Court in a memorandum opinion dated October 25, 2012.  [***Commonwealth v. Mohylsky***, 62 A.3d 464 (Pa. Super. 2012).]  On October 16, 2013, the Supreme Court of Pennsylvania denied [Appellant's] Petition for Allowance of Appeal.

> [*Commonwealth v. Mohylsky*, 79 A.3d 1097 (Pa. 2103).] [Appellant's] Application for Reconsideration was denied on November 22, 2013.
>
> On December 9, 2013, [Appellant] filed the instant PCRA Petition. [Appellant] was represented by James Connell, Esquire. A PCRA hearing was held before the Honorable F.P. Kimberley McFadden on January 24, 2014, during which [Appellant] asserted that trial counsel was ineffective. Mr. Connell filed a brief in support of [Appellant's] request for relief on January 31, 2014. The Commonwealth filed a brief in opposition on February 10, 2014.

PCRA Court Opinion, 3/21/14, at 1-2.

By order and opinion entered on March 21, 2014, the PCRA court denied Appellant's PCRA petition. Appellant filed a notice of appeal to this Court. Thereafter, the PCRA court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant never complied; therefore, in its Pa.R.A.P. 1925(a) statement, the PCRA court found waiver. *See* PCRA Court Pa.R.A.P. 1925(a) Statement, 5/29/14, at 1.

On July 22, 2014, this Court entered an order permitting counsel to withdraw, denying Appellant's request for appointed counsel, and remanding the matter for twenty-one days for the filing of a Pa.R.A.P. 1925(b) statement. Appellant filed his concise statement on August 11, 2014, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion on August 27, 2014.

Before considering Appellant's issues, we must first determine if they are properly before us. The Commonwealth contends that Appellant filed his appeal in an untimely manner. *See* Commonwealth Brief at 8-9. Our

review of the certified record refutes this contention. The docket reveals that, although the order denying Appellant's PCRA petition was filed on March 21, 2014, the clerk of courts did not send the order to PCRA counsel until March 26, 2014. *See* Pa.R.A.P. 108(a)(1) (providing that day of entry of an order shall be the day the clerk of court mails or delivers copies of the order to the parties). Because PCRA counsel filed Appellant's notice of appeal on April 23, 2014, it is timely. *See* Pa.R.A.P. 903(a) (providing that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken).

Although we disagree with the Commonwealth regarding the timeliness of Appellant's appeal, we agree with its assertion that Appellant is no longer eligible for relief under the PCRA because Appellant has served his ninety (90) day prison sentence. *See* Commonwealth Brief at 9-10; *see also Commonwealth v. Soto*, 983 A.2d 212, 213-14 (Pa. Super. 2009) (explaining that once a PCRA petitioner has completed the terms of his sentence, he or she is no longer eligible for PCRA relief; "the burden of proving a PCRA petitioner is currently serving a sentence of imprisonment, probation or parole rests on the petitioner").

In his reply brief, Appellant concedes that he has completed his ninety (90) day prison sentence. Appellant's Reply Brief at 8. Appellant nevertheless contends that "the fact remains in order to complete his sentence [he] must pay well over $1,000.00" in fines and costs. *Id.* According to Appellant, he "has lost employment and earning power because

of this incident and has not paid the fines and costs. Therefore, [he] is on probation and at the mercy of the court until the sentence is complete. [Appellant] is facing additional incarceration and needs PCRA relief." Appellant's Reply Brief at 8. We disagree. ***See***, ***e.g.***, ***Commonwealth v. Viglione***, 842 A.2d 454, 460 (Pa. Super. 2004) (*en banc*) (holding that the PCRA petitioner was ineligible for relief under the PCRA because he was only sentenced to pay a fine).

In sum, because Appellant is not eligible for post-conviction relief, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/18/2015